IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL R. SHEMONSKY, | : | No. 4:CV-07-236 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| SOCIAL SECURITY ADMINISTRATION,: | | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

April 3, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 5, 2007, Magistrate Judge Smyser issued a Report and Recommendation (doc. 12), recommending that this Court dismiss the Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Objections to the Magistrate Judge's report were due by March 26, 2007. To date, no objections have been filed. Therefore, this matter is ripe for our review.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit,

1

however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**:

Perpetual *pro se* Plaintiff Michael R. Shemonsky[1] initiated this action by filing a complaint (doc. 1) with this Court on February 7, 2007. Thereafter, on February 12, 2007, Plaintiff filed an application for leave to proceed *in forma pauperis*. (Rec. Doc. 5).

Initially, this case was referred to Magistrate Judge Mannion for preliminary review. (Rec. Doc. 4). On March 1, 2007, Magistrate Judge Mannion recused himself from this action (doc. 11) and the case was reassigned to Magistrate Judge Smyser. On March 6, 2007, Plaintiff filed an interlocutory appeal of Magistrate Judge Mannion's March 1, 2007 recusal order to the United States Court of Appeals for the Third Circuit. (Rec. Doc. 13). In our view that interlocutory appeal, inasmuch as it is *clearly* not case-dispositive, is meritless.

Prior to Plaintiff's filing of an interlocutory appeal, Magistrate Judge

---

[1] Since 1990 Plaintiff Michael Shemonsky has filed *at least* nine actions in the Middle District of Pennsylvania. Prior to the filing of this action, two of Plaintiff's prior actions have been before this Court. See *Shemonsky v. Vanaskie, et. al*, 4:04-cv-02759; *In re: USA v. Shemonsky*, 3:03-mc-00008.

Smyser undertook a review of the Plaintiff's complaint pursuant to 28 U.S.C. § 1915, in view of the Plaintiff's pending Application for Leave to Proceed *in forma pauperis*.  As noted, on March 5, 2007, Magistrate Judge Smyser issued a Report and Recommendation (doc. 12), recommending that this Court dismiss the complaint pursuant to §1915.

**DISCUSSION**:

Our review of this case confirms Magistrate Judge s Smyser's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

Initially, we note that we shall undertake an analysis of the Magistrate Judge's report despite the pending interlocutory appeal.  As noted, we are of the view that Plaintiff's appeal is frivolous and without any basis in the law.  Therefore, we do not find it inappropriate to review the Magistrate Judge's report at this time.

As noted by Magistrate Judge Smyser, 28 U.S.C. § 1915 authorizes the Court to permit a plaintiff to proceed without paying a filing fee.  Concomitant with that authorization, subsection § 1915(e)(2) permits the Court to dismiss the action if it finds a plaintiff's action to be frivolous or malicious, or if the complaint

fails to sate a claim upon which relief may be granted.  The subsection also permits the Court to dismiss the case if it finds a plaintiff's allegation of poverty to be untrue.

Next, Magistrate Judge Smyser finds, and we agree, that the Plaintiff's financial affidavit gives rise to some issues as to his ability to pay the filing fee. Further, as noted by the Magistrate Judge, the only allegation in the complaint that relates to the Defendant Social Security Administration is "I filed for disability in 1994 and Social Security denied me per advise of Bill Gaffney my probation officer."  We agree with Magistrate Judge Smyser's conclusion that this allegation does not satisfy the "notice pleading" requirement of Rule 8(a) of the Federal Rules of Civil Procedure for the contents of a claim for relief.  Accordingly, the Magistrate Judge recommends that we dismiss this complaint pursuant to 28 U.S.C. § 1915.  Indeed, we find this case to be a "classic" or "textbook" example of the type of action §1915 seeks to give courts the discretion to eliminate from their dockets due to their facial frivolity and obvious lack of merit.  While the first page of Plaintiff's complaint contains an entry indicating that it is an "Appeal of Social Security Administration," there is nothing that connects it to a pending claim of that nature by Plaintiff. In fact, the only reference is to a filing that purportedly took place in 1994, some thirteen years ago, and well removed from

any appeal period.

Our review of this case obviously confirms Magistrate Judge Smyser's determinations. Because we find no error in Magistrate Judge Smyser's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein. An appropriate Order shall issue.